Barber agt. Arnoux.

---

## NEW-YORK COMMON PLEAS.

### JOEL D. BARBER agt. ANTHONY ARNOUX and others.

Where the question before the justice of the peace was one of *fact*—whether the defendants agreed to hire the plaintiff for a year, or whether they agreed to keep him while they needed him, and upon which there was conflicting evidence,

*Held*, that whether the case was to be regarded as presenting a conflict of evidence on the questions determined by the justice, or whether it was to be considered as a finding in accordance with the clear weight of the evidence, and the probabilities and circumstances shown in the case, was quite immaterial—in either view, the finding of the justice was right and conclusive.

Barber agt. Arnoux.

*General Term, June,* 1859.
*Present*—DALY, F. J., BRADY *and* HILTON, JJ.

APPEAL from a judgment rendered by a justice of the peace.

By the court—HILTON, J. The questions presented by the plaintiff's appeal are of fact, the determination of which was within the powers of the justice, and I think his finding should not be disturbed. The plaintiff claimed to recover the balance of a year's salary, upon the ground that he was employed for the entire year, and could not be discharged, unless for sufficient cause to be shown, or with his consent. One Boyd testified that he was authorized by defendants to thus employ the plaintiff, and that he did so employ him; and the plaintiff swears that under this employment he entered into the service of the defendants, although he admits that they personally never made any contract with him. On the other hand, the defendant testified that he authorized Boyd to employ the plaintiff for a year, but that, on arranging with Boyd for his services, he made some remarks as to the help that would be needed in the store, and Boyd mentioned that the plaintiff was in his employ, and was a good man, stating how much he paid him. They (the defendants) then told Boyd that they would keep the plaintiff while they needed him, and in this manner he came into their employ under an arrangement with Boyd, which was founded upon this interview. Apart from this direct conflict is the principal question, as to whether Boyd was or was not authorized to contract with the plaintiff for his employment for the entire year. I think allowance should be made for the bias under which Boyd evidently rested adverse to the defendants. It appeared that he was in litigation himself with them, and, in addition, had advised the bringing of this suit.

The subsequent acts of the parties may also be looked to in determining what they understood was the agreement made at the time the plaintiff entered into the defendants' service in March, 1857. It appears that he never mentioned the terms

of the agreement, under which he now claims, to the defend-
ants, nor did he even allude to it at the time of his discharge
in November following. On the contrary, nearly a month
after, on being paid the balance due him for the term he was
employed, viz., $22.31, he gave the defendants a receipt under
date of December 3, 1858 (but which it is manifest, from the
evidence, should be dated 1857), stating that the same was
"in full of all demands to date."

Besides all this, in the month of March, 1858, he again en-
tered into the defendants' employ for a limited period, for
which he was paid; and at this time nothing was said about
the four months' wages unclaimed, and which had, according
to his present theory, become due on the 4th of March, 1858,
the very day he thus entered upon this last-mentioned employ-
ment. Whether this case is to be regarded as presenting a
conflict of evidence on the questions determined by the just-
ice, or whether it is to be considered as a finding in accord-
ance with the clear weight of the evidence, and the probabili-
ties and circumstances shown in the case, is quite immaterial.
I think, in either view, the finding of the justice was right.

Judgment affirmed.